UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**GLENDA JO REESE PALMER et al.**                                                                    **PLAINTIFFS**

**v.**                                                         **CIVIL ACTION NO. 3:09-CV-181-S**

**GEORGE MANN et al.**                                                                                **DEFENDANTS**

<u>MEMORANDUM OPINION</u>

Plaintiffs, Glenda Jo Reese Palmer and Larry Palmer, filed a *pro se*, *in forma pauperis* complaint alleging violations of their constitutional rights (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

**I. <u>SUMMARY OF CLAIMS</u>**

Plaintiffs name as Defendants the following employees of the L & N Federal Credit Union: George Mann, CEO; Linda Snodgrass, Manager; and Ann Reno, Collections Manager. In their complaint, Plaintiffs state that this Court has jurisdiction because Plaintiffs and Defendants are citizens of the United States of America and the Commonwealth of Kentucky. They state that their action arises under the First, Fourth, Seventh, Eighth, and Tenth Amendments to the U.S. Constitution and the First, Second, Third, Seventh, Ninth, Tenth, and Fourteenth Amendments to the Kentucky Constitution.

They allege that, in July 2002, Plaintiff Glenda Jo Reese Palmer purchased a truck through the L & N Credit Union, where she, on the advice of the sales person, purchased Credit Life Disability Insurance. They further allege that in August 2002, Plaintiff Glenda Jo Reese Palmer was injured in an accident and became permanently disabled. They state that CUNA, the company that underwrote the policy, began making payments. They allege that after a few

months they discovered that Defendants Reno and Snodgrass returned the checks to CUNA with no reason indicated and that CUNA stopped sending the payments. They state that the truck was repossessed in March 2003 for nonpayment. They allege that they contacted Defendants Mann and Snodgrass who indicated that if Plaintiffs were able to get the truck paid off through the insurance Defendants would give Plaintiff Glenda Jo Reese Palmer a comparable truck. Plaintiffs further allege that Defendants sold the truck at auction and that after it was sold CUNA paid the entire loan. Plaintiffs allege that Plaintiff Glenda Jo Reese Palmer now must take medication for depression caused by Defendants. As relief they request an award of $1,000,000 for suffering, an order for Defendants to pay for a vehicle of their choosing, and to have Plaintiff Glenda Jo Reese Palmer's credit cleared.

**MOTION FOR LEAVE TO AMEND**

The day after filing their complaint, Plaintiffs moved the Court for leave to amend (DN 5). The amendments they wish to add are that each Defendant is being sued in his or her individual as well as official capacity. Because no responsive pleading has been served, the Court **GRANTS** Plaintiffs' motion for leave to amend (DN 5).

## II. ANALYSIS

This Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore,

dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Under the federal-question statute, codified at 28 U.S.C. § 1331, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiffs allege that Defendants violated their constitutional rights. However, the Constitution does not apply to the conduct of private persons; it applies to conduct by the government. Conduct of private parties "lies beyond the Constitution's scope in most instances, . . . [though] governmental authority may dominate an activity to such an extent that its participants must be deemed to act with the authority of the government and, as a result, be subject to constitutional constraints." *Edmonson v. Leesville Concrete Co., Inc.*, 500 U.S. 614, 620 (1991). A private citizen is not liable for an alleged constitutional violation unless: (1) "the claimed constitutional deprivation resulted from the exercise of a right or privilege having its

source in state authority"; and (2) "the private party charged with the deprivation could be described in all fairness as a state actor." *Id.*

Nothing in Plaintiffs' complaint shows that Defendants are state actors, *i.e.*, acted under color of state law, and the mere fact that they worked for a federal credit union does not make them state actors. *See Jesinger v. Nev. Fed. Credit Union*, 24 F.3d 1127, 1132 (9th Cir. 1994) ("'the slight degree of government involvement in the business of federal credit unions does not warrant applying Constitutional requirements to these democratically controlled, non profit cooperatives'" (*quoting Heiskala v. Johnson Space Ctr. Fed. Credit Union*, 474 F. Supp. 448, 453 (S.D. Tex. 1979)); *Smith v. Del. First Fed. Credit Union*, 395 F. Supp. 2d 127, 130 (D. Del. 2005) (collecting cases where courts have found that credit unions are not state actors.) "Although the federal government regulates credit unions, regulation alone is not enough to make a private entity and a government agency interdependent." *Jesinger*, 24 F.3d at 1132. Also, although a credit union may have "the word 'federal' in its name, it is not part of the federal government." *Francis v. Ne. Cmty. Fed. Credit Union*, No. C 03-4899 CRB, 2003 WL 22697267, at *1 (N.D. Cal. Nov. 06, 2003). "The fact that it is federally insured does not make it a government entity." *Id.* Thus, Plaintiffs' complaint does not state a claim cognizable under this Court's "federal question" jurisdiction.

Under the diversity-of-citizenship statute, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states . . . . " 28 U.S.C. § 1332(a)(1). "[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). According to

the complaint, Plaintiffs and Defendants are residents of Kentucky.  Consequently, Plaintiffs cannot bring any state-law claims by way of the federal diversity statute.

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate order, dismiss Plaintiffs' complaint for failure to state a claim.

Date: September 25, 2009

**Charles R. Simpson III, Judge**
**United States District Court**

cc:     Plaintiffs, *pro se*
        Defendants

4411.009